UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
SAUL ANTONIO PAEZ,                                               :
:
                  Petitioner,                                         :
:   11 CV 2688 (HB)
    - against -                                                 :   08 CR 0823-03 (HB)
:
UNITED STATES OF AMERICA,                                        :   OPINION & ORDER
:
                  Respondent.                                         :
:
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge[1]:**

      On January 16, 2009, petitioner Saul Antonio Paez ("Paez") pleaded guilty to conspiracy to distribute and possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). On June 6, 2009, Paez was sentenced to 108 months in prison and five years of supervised release.

      Paez, proceeding *pro se*, now moves for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Paez claims that (1) he was denied effective assistance of counsel during trial, sentencing, and appeal, (2) the Court substantively erred in imposing his sentence, and (3) the Court lacked jurisdiction to impose his sentence. For the reasons stated below, the petition is DENIED.

### I. BACKGROUND

      Prior to his arrest, Paez drove commercial trucks cross-country. From March 2008 to August 2008, Paez allowed his coconspirators to load his truck with heroin for the purpose of transporting it from California to New Jersey; Paez's role was limited to cross-country transportation. On August 19, 2008, Paez and four coconspirators arrived at a garage in Newark, New Jersey where Paez's coconspirators transferred the heroin from his truck to another car.

---

[1] Erin Andrews, a second-year student at New York Law School and a Spring 2012 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

Law enforcement officials raided the garage and arrested Paez and his coconspirators. Officials recovered approximately thirty kilograms of heroin and two million dollars.

Paez pleaded guilty, without a plea agreement, to conspiracy to distribute heroin. After the plea allocution, the Government agreed that Paez qualified for safety valve relief, and the Court reduced Paez's Guideline level by two levels. The Court did not apply minor role adjustment mitigation, but after considering other relevant factors under 18 U.S.C. § 3553(a), the Court opted for a non-Guideline sentence that subjected Paez to 108 months in prison—twenty-seven months below the bottom of the applicable Guideline range.

## II.   DISCUSSION

For the Court to grant his petition, Paez must show either that: (1) his sentence was imposed in violation of the U.S. Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Espinal v. United States*, No. 08 Civ. 7029, 2011 WL 5120663 (S.D.N.Y. Oct. 8, 2011); *see also Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002). Furthermore, because Paez is proceeding *pro se*, his petition will be construed liberally and interpreted to raise the strongest arguments it suggests. *See Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996).

A.   **Paez Was Not Deprived of Effective Assistance of Counsel**

The Supreme Court established a two-pronged test to evaluate a claim for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To affirmatively establish ineffective assistance of counsel, a petitioner must show (1) counsel's performance fell below an objectively reasonable standard of performance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the outcome of the proceeding. *See id.* at 687; *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011). Under the "reasonableness" prong of the *Strickland* test, the court must proceed with the "presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (citing *Strickland*, 466 U.S. at 689). To satisfy the prejudice prong of *Strickland*, the petitioner must establish that the record shows "a reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (emphasis added); *accord United States v. Arteca*, 411 F.3d 315 (2d Cir. 2005). A court may bypass the "reasonableness" prong of *Strickland* if it determines a

petitioner fails to meet the second, "prejudice" prong. *See Strickland*, 466 U.S. at 697; *see also Savinon v. Sears*, No. 09 Civ. 2529, 2011 WL 6979974, at *8 (S.D.N.Y. Dec. 8, 2011).

    *1. No Prejudice to Paez by Counsel Prior to the Plea*

The *Strickland* test applies to ineffective assistance claims arising out of the plea process.[2] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Yong Wong Park v. United States*, 441 F. App'x 18, 20 (2d Cir. 2011). Where a guilty plea has been accepted, the "'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through trial." *Hill*, 474 U.S. at 59; *accord Black v. Herbert*, No. 02 Civ. 6252, 2009 WL 1097971, at *12 n.11 (S.D.N.Y. Apr. 23, 2009). For example, if counsel failed to discover evidence that would have led him to change his recommendation as to the plea, the assessment will depend on a prediction that such evidence likely would have changed the outcome of a trial. *See Hill*, 474 U.S. at 59. However, a § 2255 petition "must contain assertions of fact that a petitioner is in a position to establish by competent evidence", and "[a]iry generalities, conclusory assertions and hearsay statements will not suffice . . . ." *Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007) (internal citations omitted); *accord Guzman v. United States*, No. 11 Civ. 2433, 2011 WL 6097128, at *2 (S.D.N.Y. Dec. 7, 2011).

Paez cites in his petition several grievances against his attorney, including (1) a failure to object to misleading testimony, (2) a failure to effectively submit a motion to suppress evidence, and (3) a failure to investigate witnesses that could exonerate him. Pet. 8. First, Paez pleaded guilty and did not have a trial; Paez's claim that his attorney failed to object to misleading testimony is therefore without consequence. Second, although claims (2) and (3) may have bearing on the decision to plead, Paez only makes conclusory assertions regarding these claims. Paez does not name any individual who was not called and might have exonerated him or suggest any plausible argument that a motion to suppress evidence would have affected the outcome at trial. *See e.g.*, *Brooks v. Edwards*, 96 F.3d 1448 (6th Cir. 1996) (acknowledging no prejudice where petitioner could not show that a suppression motion would have merit at trial).

Paez additionally asserts that his attorney failed to inform him of his rights and potential defenses. Although this assertion requires consideration, Paez again fails to identify any defense

---

[2] The Supreme Court's recent cases, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), are inapposite. There is no indication that the government made a plea offer that was not communicated to Paez, or even that there was a plea negotiation.

that would have made a difference at trial. *See Hill*, 474 U.S. at 59 (noting that "where the alleged error of counsel is a failure to advise the defendant of a . . . defense to the crime charged, . . . the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."); *see also Lopez v. Artus*, No. 03 Civ. 7087, 2005 WL 957341, at *10 (S.D.N.Y. Apr. 25, 2005). There is also no objective evidence that Paez was not informed of his rights. On the contrary, the record of Paez's plea allocution demonstrates that Paez was well-informed of his rights before he pleaded guilty and that by pleading guilty, he waived those rights. Plea Tr. at 5–6, 8–10, Jan. 16, 2009. Paez was cognizant that pleading guilty would help him obtain safety valve relief for a crime where the applicable sentencing Guideline range was 168–210 months. Plea Tr. 7–8. The Court further established a factual basis for Paez's guilty plea by having Paez state his crime in his own words in open court. Plea Tr. at 11–12. Statements made by defendant during a plea allocution carry "a strong presumption of accuracy." *See Espinal v. United States*, No. 08 Civ. 7029, 2011 WL 5120663, at *3 (S.D.N.Y. Oct. 8, 2011) (quoting *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)).

Paez offers no facts to support his conclusory assertions of ineffective assistance during the plea process and fails to establish that counsel's performance prejudiced the outcome of the plea proceeding. The Court need not determine whether counsel's performance fell below the objective standard of reasonableness because Paez cannot establish prejudice under the second prong of *Strickland*.

    2.  *No Prejudice to Paez by Counsel during Sentencing*

The *Strickland* test additionally governs counsel assistance during sentencing. *Williams v. Taylor*, 529 U.S. 362 (2000). Under *Strickland* standards, a court may find an attorney's assistance at sentencing ineffective if counsel fails to object to sentencing errors, *Glover v. United States*, 531 U.S. 198, 203 (2001), or if counsel fails to investigate certain mitigating evidence, *Wiggins v. Smith*, 539 U.S. 510 (2010). *See also United Stated v. Herrera*, 186 F. App'x 109, 112 (2d Cir. 2006); *Johnson v. United States*, 313 F.3d 815, 818 (2d Cir. 2002). *Strickland* also articulates that "thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690.

Paez argues that his counsel failed to make Rule 32 objections to the presentencing report. Rule 32 of the Federal Rules of Criminal Procedure allows for counsel to make good cause objections to the presentencing report prior to sentencing. Fed. R. Crim. P. 32(i)(1)(D).

Counsel, in fact, both submitted a sentencing memo and referred to the presentencing report at sentencing in order to clear up the factual misunderstanding that the government had not agreed to safety valve relief. Sent. Tr. 3, June 9, 2009. Furthermore, Paez fails to establish that the sentence calculation was made in error or, more importantly, that such sentence—which is well below the Guideline minimum for the crime charged in the Indictment—prejudiced him. *Cf. Glover*, 531 U.S. at 198 (holding that an error in law that affected the proper calculation of a sentence resulting in a sentence with additional incarceration is clearly prejudicial to the defendant).

Paez also argues that counsel failed to establish that a departure was warranted for Paez's minimal role in the crime. Mitigation for playing a minor role is fact specific and applies only if Paez was "plainly among the least culpable." *United States v. Eltayib*, 88 F.3d 157, 174 (2d Cir. 1996) (holding that the captain of a ship who knowingly attempted to import over 4,700 kilograms of cocaine into the United States did not warrant minor role adjustment). Counsel did argue extensively for minimal role adjustment at sentencing and the Court declined to grant additional departure because of the indispensability of his role to the operation. Sent. Tr. 5–10, 20–21. Counsel also argued additional mitigating elements under § 3553(a) to the Court, including no prior convictions and the consequence of incarceration on his family's circumstance.

The Court ultimately determined that Paez qualified for safety valve relief and opted for a sentence twenty-seven months below the Guideline range. Given the significant departure from the minimum applicatory Guideline range, Paez has not established that he was prejudiced by his attorney's assistance. If anything, Paez was greatly benefitted.

  *3. No Prejudice to Paez by Counsel on Appeal*

Paez claims that the same defense attorney committed errors that deprived him of a direct appeal. Paez also claims that counsel invalidly waived his right to appeal. These claims must fail because Paez did not waive his right to appeal and counsel filed a timely appeal. Resp't Opp'n. Mot. Ex. E, at 1. The appeal was adjudicated and the Second Circuit issued a summary affirmance on Sept. 24, 2010. *United States v. Paez*, No. 09-2077 Cr. (2d Cir. filed Sept. 24, 2010). Counsel properly filed an *Anders* motion to be relieved as counsel for Paez after the appeal was dismissed. Agreeing with counsel's motion that further appeal would be frivolous,

the Court of Appeals granted counselor's motion to withdraw. Thus, Paez was not deprived of a direct appeal.

**B.     Paez's Substantive Claims Attacking his Sentence are Procedurally Barred**

Paez raises a litany of substantive claims questioning the validity of his sentence, including, *inter alia*, that his sentence violates the Equal Protection Clause because (1) the Court denied downward departure due to alien status and (2) the Court used Paez's alien status to exclude him from certain correctional rehabilitation programs.

To the extent counsel did raise these claims on appeal, this Court is procedurally barred from revisiting them. *United States v. Paez*, No. 09-2077 Cr. (2d Cir. filed Sept. 24, 2010); *see Xiang v. United States*, No. 09 Civ. 7579, 2010 WL 3155052, at *2 (S.D.N.Y. Aug. 6, 2010) (noting that a § 2255 motion may not relitigate issues that were raised and considered on direct appeal). Nonetheless, Paez's claims are procedurally barred even if they were not raised on appeal. A district court cannot consider a § 2255 claim that was not directly appealed unless the petitioner can show both cause and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). If a claim of innocence is not raised, a court may raise the issue *sua sponte*. *See Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 2008). Here, Paez cannot show cause and prejudice, or actual innocence.

*1.   Cause and Prejudice*

Paez argues that ineffective assistance of counsel is "cause" for not bringing his claims on appeal. "[A] claim of ineffective assistance may establish cause sufficient—with a showing of prejudice—to overcome that procedural bar with respect to other constitutional claims." *Colasuonno v. United States*, No. 08 Civ. 6549, 2009 WL 2523886, at *3 (S.D.N.Y. Aug. 18, 2009) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451, (2000)).

It would have been futile for Paez's counsel to raise these Equal Protection claims on appeal because courts have held that such claims are not constitutionally cognizable. *See Duque v. United States*, No. 08 Civ. 9315, 2009 WL 2370639 (S.D.N.Y. Jul. 31, 2009) (holding "the limitations and consequences of alien status, such as ineligibility to serve a sentence in a minimal security facility or in a half-way house, do not provide a basis for granting a downward departure"); *Rosario v. United States*, 625 F. Supp. 2d 123, 130 (S.D.N.Y. 2008) (holding "Petitioner's ineligibility for certain correctional programs due to his alien status, while unfortunate, is not an adequate basis for a downward departure of his sentence"). Because the

claims themselves are meritless, counsel is not deficient for failing to raise them on appeal. *See Reeves*, No. 02 Civ. 9309, 2005 WL 3288012, at *6 (S.D.N.Y. Dec. 2, 2005). Paez raises no additional objective, external factors that would alternatively demonstrate cause for failing to directly appeal these claims—and this is to say nothing of how he was ultimately prejudiced.

### 2. Innocence

Paez did not address the issue of actual innocence. Were he to seek actual innocence, Paez must prove that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Rosario v. United States*, 164 F.3d 729, 733 (2d Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Given that Paez pleaded guilty, admitted his crime in open court, and presented no facts in his § 2255 petition that address his innocence, Paez fails to establish actual innocence.

### C. The District Court had Jurisdiction to Impose Paez's Sentence

A jurisdictional defect cannot be procedurally defaulted. *See, e.g., Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Paez claims that the Court lacked jurisdiction to impose a sentence that is not in the Indictment because the Indictment purportedly fails to include the type and amount of illegal drug involved in Paez's arrest. Pet. 10. However, the Indictment clearly states—mirroring the language of 21 U.S.C. § 841(b)(1)(A)(i)—that Paez "distribute[d] and possess[ed] with intent to distribute a controlled substance, to wit, one kilogram and more of a mixture and substance containing a detectible amount of heroin . . . ."

### III. CONCLUSION

For the reasons set forth above, Paez's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability will not issue because Paez failed to make a substantial showing of a violation of a federal right. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.
May 2
April __, 2012
New York, New York

HAROLD BAER, JR.
United States District Judge