UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,

                          -v-                                   08-CR-823 (JPO)

    SAUL ANTONIO PAEZ,                       OPINION AND ORDER

                        Defendant.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      On June 9, 2009, Saul Antonio Paez received a sentence of 108 months of imprisonment following his conviction for conspiring to distribute and possess heroin in violation of 21 U.S.C. § 846.  *United States v. Paez*, No. 08-cr-0823, ECF. No. 84 (S.D.N.Y. June 29, 2009).  Under the sentencing guidelines in effect at the time, the applicable sentence range was 168 to 210 months.  *Id.*  Paez had a criminal history category of I and an adjusted offense level of 35, which reflected a three-point reduction for acceptance of responsibility.  *Id.*  Paez now moves for a sentence reduction.  (Dkt. No. 145.)  Paez also requests that the Court appoint *pro bono* counsel to assist in his motion for a sentence reduction.  (Dkt. No. 151.)

      Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Commission Guidelines Manual ("sentencing guidelines") to lower the guideline sentence range for a number of drug offenses.  *See* U.S.S.G. § 1B1.10(c).  The Sentencing Commission authorized retroactive application of the amendment to the drug guidelines, but specified that no defendant could be released prior to November 1, 2015.  79 C.F.R. § 148 (2014).

District courts may reduce the term of imprisonment for a defendant who was sentenced based on a guideline that the Sentencing Commission has subsequently lowered. 28 U.S.C. § 3582(c)(2). However, under Second Circuit precedent, courts may not reduce a defendant's sentence below the minimum term in the amended guideline range. *United States v. Erskine*, 717 F.3d 131, 136 (2d Cir. 2013) ("*Booker* and its progeny do not permit district courts to disregard §1B1.10(b)(2)(A) by reducing the defendant's sentence below the amended Guidelines range."); *see also* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ."). The exception to this rule is that courts may further reduce a sentence when the original sentencing court deviated below the applicable sentencing guideline to reflect a defendant's "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

Under the amended guidelines, the new sentence range for Paez's offense, given his adjusted offense level and criminal history, is 108 to 135 months of imprisonment. Paez thus received a term of imprisonment in 2009 that is the minimum under the amended guidelines today. Paez was not given a below-guidelines sentence pursuant to a government motion based on substantial assistance. Accordingly, the Court is not authorized to make a further sentence reduction.

The motion for a sentence reduction is DENIED. Because the motion for a sentence reduction is denied, the motion to appoint counsel to assist in litigating the motion for a sentence reduction is also DENIED.

The Clerk of the Court is directed to terminate the motions at Docket Numbers 145 and 151.

SO ORDERED.

Dated: September 9, 2015
       New York, New York

                                              _____
                                                   J. PAUL OETKEN
                                                United States District Judge